UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORTANA GLOBAL LLC )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>DIVERSE GROWTH PARTNERS, PRIVATE )<br>MARKETS CAPITAL LLC, DELYON LOWE, )<br>ESBE JALLOH A/K/A SOLOMON JALLOH )<br>)<br>*Defendants.* ) | Case No.: 1:25-cv-3612-RCL |

## [PROPOSED] SUPPLEMENTAL ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Upon consideration of Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining Order, the Memorandum in Support and Declarations of Anthony Kerkar, Cameron Kerkar, and Justin Maile, the hearings on October 9, 2025, October 16, 2025, and October 30, 2025, Plaintiff's Motion for Preliminary Injunction and the Memorandum in Support, the Supplemental Declaration of Anthony Kerkar, the Declaration of Hitesh Juneja, Plaintiff's Motion to Modify Existing Temporary Restraining Order, Plaintiff's Supplemental Motion for Preliminary Injunction, and Plaintiff's Complaint, the Court HEREBY GRANTS the Plaintiff's Motion and FINDS as follows:

A. Cortana has demonstrated that it will face irreparable harm if Defendants are permitted to transfer funds and complete other cryptocurrency transactions to obfuscate where Cortana's funds are held;

B. Defendants have already employed these measures to hide Cortana's funds and are likely to continue to do so without judicial intervention;

C. Once these funds are disbursed, it will likely be impossible for Cortana to recover its $8,123,093.05 USDT;

D.  Cortana has otherwise satisfied the elements necessary for a preliminary injunction; and

E.  In accordance with Fed. R. Civ. P. 65(c), Cortana must post a $50,000 bond.

IT IS HEREBY ORDERED THAT:

Defendants Delyon Lowe and Diverse Growth Partners, each of their agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which they act or who act in concert or participation with any of them, who receive actual notice of this Order by the methods set forth herein or otherwise, are hereby restrained from withdrawing, transferring, moving, selling, exchanging, encumbering, assigning, conveying, liquidating, or in any other manner disposing of any assets, whatever their present form, that is contained in the wallets described in **Preliminary Injunction Appendix A** for the pendency of this litigation.

All cryptocurrency exchanges hosting any of the wallet addresses listed in **Preliminary Injunction Appendix A** — including but not limited to Binance Holdings Ltd. (Binance), HTX, Revolut Group Holdings Ltd (Revolut), and HitBTC — and any of their agents, servants, employees, attorneys, partners, successors, assigns, subsidiaries, or any other persons through which they act or who act in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or through any trust, corporation, subsidiary, division, or other device — are hereby ordered to immediately freeze the identified wallets and any associated wallets as described in **Preliminary Injunction Appendix A**, including suspending all withdrawals, transfers, or other dissipation of assets from any account reasonably determined to control, own, or manage the identified wallets, or that is otherwise associated with the identified wallets through overlapping control mechanisms, common ownership, or internal compliance data.

Within twenty-four (24) hours of receiving actual notice of this Order, such exchanges are further directed to provide notice of the same to any of their customers associated with the

addresses identified above, including Defendants, and to provide counsel for Plaintiff with a copy of such notice.

Defendants Diverse Growth Partners and Delyon Lowe are also ordered to refrain from further moving or disbursing any other funds at issue that are located in any accounts, or additional, proxy, or secondary deposit addresses or wallets not currently identified by this Order. This Order further extends to any and all cryptocurrency wallets that are controlled by, or associated with, the same individuals or entities responsible for the identified wallets. This includes, but is not limited to, additional wallets linked to the identified wallets through shared ownership, common control mechanisms, or overlapping access patterns as reasonably identified by the exchange's internal compliance systems (e.g., shared IP addresses, device IDs, or KYC data).

This Order supplants the Amended Temporary Restraining Order (ECF No. 8) and renders it moot; and

Defendants Private Markets Capital LLC and Esbe Jalloh a/k/a Solomon Jalloh are excluded from this Order.

SO ORDERED.

Dated this __4th__ day of December, 2025 at ___1:50___ O'clock. p.m.

By: _____Royce C. Lamberth_____
Royce C. Lamberth
United States District Judge

## Preliminary Injunction Appendix A

| Deposit Address | Exchange |
|---|---|
| 0x6db54f51cf2b0351506a69b4d1ce4b8327e7c412 | Binance |
| 0x56e4752ba43feafbabfc154884f68a63b50b3f45 | Binance |
| f57500a8955874ac7c1c7983fd5bc28cd1cfd542e6211f4f45f5c5d6c0dbb7c3 | Binance |
| 0x6a88ece679b8380149b0c983eadb35cfd8a0ec18 | HTX |
| 0xa02b3dab09dda91b0eb67efa15d643657ed37acc | HTX |
| 0xd96a8df2078fb5a18154393a0a8b2b1f5c1e6d6b | HTX |
| bc1q4wu5e575gav9ajpx8gfuprzy29h4096hqp6v6d | Revolut |
| 0x5a0b9f881b766f06ad5f28f2de1c03ca2210be71 | HitBTC |