# **EXHIBIT 1**

## **CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

This Confidential Settlement Agreement and Release of Claims ("Agreement") is made and entered into, effective as of the date of the last signatory to this Agreement (the "Effective Date") by and between Cortana Global LLC ("Plaintiff" or "Cortana"), on the one hand, and on the other hand, Private Markets Capital ("PMC") and (Esbe Jalloh a/k/a Solomon Jalloh) (collectively, "Settlement Defendant(s)"). The collective parties to this Agreement may be referred to as the "Parties."

## **RECITALS**

WHEREAS, on October 8, 2025 Plaintiff filed a complaint against Settlement Defendants and Defendants Diverse Growth Partners ("DGP") and Delyon Lowe ("Lowe") in the U.S. District Court for the District of Columbia, Case No. 1:25-cv-03612 (the "Action"). In the Action, Plaintiff asserted claims against some or all Defendants for Breach of Contract, Unjust Enrichment, Promissory Estoppel, Breach of Implied Covenant of Good Faith and Fair Dealing, Civil Theft D.C. Code Ann. § 22-3211(b), Fraudulent Misrepresentation, Negligent Misrepresentation, and violations of the D.C. Consumer Protection Procedures Act- D.C. Code Ann. § 28-3904, all in connection with the alleged failure of Defendants to complete a cryptocurrency transaction with Plaintiffs.

WHEREAS, Settlement Defendants dispute liability for the Claims asserted and dispute the existence of any communications, contact, contract, or agreement between Settlement Defendants and Plaintiff with respect to the underlying allegations in the Complaint; and

WHEREAS, the Parties wish to settle and compromise any and all claims between them,

NOW THEREFORE, upon consideration of the mutual promises and covenants contained herein, the adequacy of which is acknowledged, the Parties agree as follows:

## **TERMS**

1. **Payment.** As a full and complete compromise of all Released Claims (as defined below), Settlement Defendants shall pay the equivalent total of **$8,123,093.05 USD to Plaintiff (the "Settlement Payment").** The Settlement Payment is inclusive of all statutory and other damages, penalties, attorneys' fees, litigation expenses, and costs, as well as any other relief whatsoever that Plaintiff may seek or allegedly seek against Settlement Defendants. The Settlement Payment shall be paid by the protocol as defined below in Term 2, governing both manner and timing of the Settlement Payment. The Parties expressly acknowledge and agree that the Settlement Payment (a) is the result of good-faith negotiations conducted by and between the Parties; (b) represents the sole consideration for the release of the Released Claims; and (c) constitutes fair and reasonable consideration for the release of any and all Released Claims.

2. **Payment Protocol.** Within one (1) business day following the execution of this Agreement, Settlement Defendants shall provide Plaintiff with a list of the wallets on the TRO Appendix which Settlement Defendants have ownership of, proprietary or equitable interest in, or control over, as well as an accounting of the total funds in each wallet (the "Accounting"). Within

Docusign Envelope ID: 928F4B9D-0BE1-4CD3-BC81-8D165B333123

two (2) business days of the execution of this Agreement, and the provision of the Accounting by Settlement Defendants, the Parties shall file a consent motion to modify the TRO with respect to the Settlement Defendants and wallets owned and controlled by the Settlement Defendants with a Proposed Order attached directing the Exchanges to effectuate such release of assets. The language of the Proposed Order is attached here as Attachment A. Within one (1) business day of the assets being unfrozen by the relevant exchange, financial institution, or cryptocurrency issuer, any USDT or BTC assets contained in the wallets listed in the Accounting ("Sum 1") shall be released to wallets designated by Plaintiffs in Attachment A. Also within one (1) business day of the assets being unfrozen by the relevant exchange, financial institution, or cryptocurrency issuer, Settlement Defendants shall initiate a transfer of the equivalent of $8,300,000 USD in JUSD ("Sum 2") to Polygon escrow wallet address(es) designated by the Parties in Attachment B to this agreement. The Parties agree that Settlement Defendants do not have any ownership of, proprietary or equitable interest in, or control over any of the assets, wallets, or accounts that remain enjoined as specified in the Proposed Order. Within one (1) business day of the receipt of Sum 2, the Settlement Defendants shall initiate effectuating swaps necessary to convert JUSD to USDT until the escrow wallets contain the equivalent of $8,123,093.05 USD (the Settlement Amount) in USDT, minus Sum 1 ("Sum 3"). At the close of each business day, the balance of the escrow wallets shall be transferred to wallets designated by Plaintiff in Attachment B to this agreement until the total of Sum 3 has been transferred to Plaintiff. Sum 3 shall be equivalent to the Settlement Payment defined above, minus Sum 1. Any remaining balance in the escrow wallets shall be returned to Settlement Defendants. Settlement Defendants shall have seven (7) business days from the time the assets are unfrozen to effectuate the Settlement Payment to Plaintiffs.

3. **Withdrawal/Dismissal without Prejudice of Pending Action.** In exchange for the consideration in this Agreement, Plaintiff shall file a notice of voluntary dismissal without prejudice of the Action within two (2) business days of receipt of the full balance of the Settlement Payment.

4. **General Release and Waiver.** Upon execution of this Agreement and following the full performance of Terms 1 and 2 , the Parties, on their own behalf, and on behalf of their grantees, agents, representatives, heirs, devisees, trustees, assigns, and assignors, **(collectively, the "Releasing Parties"),** hereby agree to release and forever discharge the other Party and their past and present agents, employees, representatives, officers, directors, shareholders, attorneys, accountants, insurers, receivers, advisors, consultants, partners, partnerships, parents, divisions, subsidiaries, affiliates, assigns, agents, independent contractors, successors, heirs, predecessors in interest, joint ventures, and commonly controlled corporations **(collectively, the "Released Parties"),** from all liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities of any form whatsoever, whether known or unknown, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory, or other of any jurisdiction, foreign or domestic, whether in law or in equity, which the Releasing Parties had prior to the Effective Date, including, without limitation, those arising out of or relating to: (i) any allegation or claim that was raised or could have been raised in the Action; (ii) any acts, occurrences, statements, disclosures, or omissions by the Released Parties; (iii) any interactions between the Released Parties; (iv) any constitution, treaty, federal law, state law, local law or ordinance, or common law principle governing or pertaining to the allegations set forth in the complaint commencing the Action,

Docusign Envelope ID: 928F4B9D-0BE1-4CD3-BC81-8D165B333123

including but not limited to those claims enumerated in the complaint filed in the Action; (vi) any claims for physical injury and/or emotional injury and/or distress; and (vii) by way of further description, but not by way of limitation, any and all claims arising out of or in any way related to claims for attorneys' fees, attorneys' costs/expenses, expert fees, consultant fees, indemnification, fines, penalties, damages, costs, expenses, interest, restitution, liquidated damages, punitive damages, declaratory relief, and/or injunctive relief allegedly due and owing, whether based on treaty, permit, statute, lease, contract, ordinance, and/or common law; provided, however, that this Agreement is not intended to nor does it release or waive any claim that is unwaivable and/or unreleasable as a matter of law **(collectively, the "Released Claims")**. The Releasing Parties hereby acknowledge and agree that, except as expressly set forth in this Agreement, the Released Parties have no other liabilities or obligations, of any kind or nature, owed to the Releasing Parties, in connection with or relating to the Released Claims or otherwise.

5. **Confidentiality.** The Parties shall keep the terms of this Agreement and the execution of the Payment Protocol confidential, provided however, the Parties may disclose the Agreement, after seven (7) days' notice to the other Party, where disclosure is required by law, including a subpoena or other form of compulsory legal process issued by a court or governmental entity, or by court or arbitrator(s) order. The Parties may also disclose this Agreement to their employees, consultants (including accountants or tax professionals), sureties, lenders, and others who need to know the content of such information solely and exclusively for the exercise of the obligations pursuant to the terms of this Agreement and who agree to maintain the confidentiality of such information. If either Party is required to disclose, it shall, to the extent legally permissible, provide prior notice to the other Party.

6. **Investigation.** Each of the Parties has made such investigation of the facts pertaining to this Agreement, as it deems necessary. The Parties understand that if any fact with respect to any matter covered by this Agreement is found hereafter to be in addition to, other than, or different from, the facts now believed by the Parties to be true, each Party expressly accepts and assumes the risk of such possible additional or different facts and agrees that this Agreement shall be and remain effective notwithstanding such additional or different facts.

7. **Successors and Assigns.** This Agreement shall be binding upon Plaintiff, Settlement Defendants, and all heirs, administrators, representatives, executors, successors and assigns involved.

8. **No Assignment or Transfer.** Plaintiff represents and warrants that no other person or entity has, or has had, any interest in any of the Released Claims; that it has the sole right and exclusive authority to execute this Agreement; and that it has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the Released Claims to anyone else. Plaintiff represents and warrants it has not at any time accepted or obtained transfer or assignment from any other person or entity regarding any claim, right, or cause of action pursuant to, or in connection with any other person or entity may have against Settlement Defendants; and that, the foregoing is a full and final release of all of its claims against the Released Parties with respect to the matters described herein. Plaintiff further agrees that it waives the right to accept or obtain transfer or assignment from any other person or entity regarding any claim, right, or cause of action pursuant to, or in connection with the Released Claims, in any way flowing from the Action. Settlement Defendants also waive any right to accept or obtain transfer or assignment from any other person

4891-3887-8170.1

Docusign Envelope ID: 928F4B9D-0BE1-4CD3-BC81-8D165B333123

or entity regarding any claim, right, or cause of action any other person or entity may have against Plaintiff.

9. **No Third-Party Beneficiaries.** No person or entity shall be considered a third-party beneficiary of or otherwise entitled to any rights or remedies under this Agreement, except with respect to the releases expressly provided for herein.

10. **Advice of Counsel.** Plaintiff and Settlement Defendants acknowledge that each is executing this Agreement voluntarily after consultation with independent counsel or after intentionally deciding not to seek advice of independent counsel.

11. **Governing Law.** This Agreement and all disputes, claims, actions, suits or other proceedings arising hereunder or relating hereto (collectively "Settlement Agreement Disputes") shall be governed by, and construed in accordance with, the substantive law of the District of Columbia. Each Party agrees that all Settlement Agreement Disputes will be brought exclusively in the local or federal courts in the District of Columbia and irrevocably submits to the sole and exclusive jurisdiction of such courts. Each Party irrevocably consents to the exercise of personal jurisdiction over each of the Parties by such courts and waives any right to plead, claim or allege that the District of Columbia is an inconvenient forum.

12. **Disputes and Enforcement.** The Parties agree that they will work cooperatively to resolve any issues, concerns, and/or disputes regarding the Parties' respective obligations under this Agreement. Accordingly, the Parties agree that any such issues, concerns, or disputes shall be put in writing and that the other Party shall be given seven (3) days to respond in writing to such issues, concerns, or disputes, before any enforcement action can be commenced. This Agreement shall be admissible in any action to enforce its terms. The Parties acknowledge that monetary damages may be inadequate for any breach of the Agreement and agree that the non-breaching Party shall be entitled to specific performance and equitable relief to enforce the Agreement without the necessity of proving actual damages or posting bond.

13. **Further Documentation.** The Parties will execute such other and further documents, and take such other actions, as may be reasonably requested by a party hereto for the purposes of effectuating this Agreement.

14. **Entire Agreement.** This Agreement is integrated and contains the full understanding of the Parties with respect to the subject matter hereof and supersedes any previous or contemporaneous agreement and understanding, whether written or oral, between the parties regarding such subject matter. The Parties acknowledge that no other Party nor any agent or attorney for any other Party has made any promise, representation, or warranty whatsoever, express or implied, written or oral, not contained herein, concerning the subject matter hereof to induce the execution of this Agreement, and each of the Parties acknowledges that it has not executed this Agreement in reliance on any promise, representation, or warranty not contained herein and that this Agreement may not be altered or otherwise modified or terminated, except in writing, signed by the Parties. Each party certifies that it is voluntarily entering into this Agreement in good faith based solely and completely on its own judgment and upon advice and counsel of its own attorneys. No part or provision of this Agreement may be changed, modified,

4891-3887-8170.1

waived, discharged, or terminated, except in writing signed by the Parties such modification intends to bind.

15. **Waiver.** Any waiver of any term of this Agreement must be in writing and signed by the Party waiving its rights hereunder. Conduct that is arguably or actually inconsistent with rights granted under this Agreement shall not constitute a waiver unless an intent to waive rights under this Agreement is clearly expressed in writing as required by this Section. The waiver of any term or condition contained in this Agreement shall not be construed as a waiver of any other term or condition contained in this Agreement. Failure of any party to seek redress for violation of or to insist upon strict performance of, any provision of this Agreement shall not be a waiver of that provision by that party or estop that party from asserting fully any and all of its rights under this Agreement.

16. **Severability.** In the event that any one or more of the provisions of this Agreement is held by a court of competent jurisdiction to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions will not in any way be affected or impaired thereby.

17. **Construction.** The language used in this Agreement shall be deemed to be language chosen by both Parties to express their mutual intent and shall not be construed in any way against any Party on the ground that the Party or its counsel drafted the Agreement. Headings used in this Agreement are for convenience only and are not a part of this Agreement. The Parties incorporate all recitals as set forth above as if set forth fully herein.

18. **Attorneys' Fees/Costs.** All Parties shall bear their own attorneys' fees, expenses, and costs in connection with, related to, or arising from the Claims, in any way flowing from the Action.

19. **Notices.** Any notice appropriate or required to be given hereunder shall be by email and U.S. Mail, or, in the alternative, at the option of the sender, by messenger and shall be to the following addresses, or such other address as is subsequently noticed in writing to all Parties:

If to Plaintiff:

>   Olivia Singelmann
>   c/o Foley & Lardner LLP
>   3000 K. St. NW, Suite 600
>   Washington, DC 20007
>   Tel.: 202-295-4146
>   osingelmann@foley.com

If to Settlement Defendants:

>   David Kent
>   c/o Verdi & Ogletree PLLC
>   1325 G Street, NW, Suite 500
>   Washington, DC 20005

Tel: 202-449-7703
dkent@verdiogletree.com

20. **Counterparts.** This Agreement may be executed in counterparts by PDF, facsimile or similar electronic means, each of which shall have the effect of an original and all of which together shall constitute one and the same instrument.

21. **Authority of Signatories.** Each of the signatories to this Agreement represents and warrants that he/she/it is duly and fully authorized to act for the Party on whose behalf he/she/it signs this Agreement and that any and all required consents, authorizations or approvals have been obtained by or on behalf of such Party.

Dated: 11/28/2025

Cortana Global LLC

By: /s/ Anthony Kerkar
Anthony Kerkar
Owner/Manager

Dated: 11/28/2025

By: /s/ Cameron Kerkar
Cameron Kerkar
Owner/Manager

Dated: 11/28/2025

PRIVATE MARKETS CAPITAL

By: /s/ Esbe Jalloh
Esbe Jalloh

Dated: 11/28/2025

ESBE A/K/A SOLOMON JALLOH

By: /s/ Esbe Jalloh
Esbe Jalloh

## Attachment A

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY EXISTING TEMPORARY RESTRAINING ORDER

Upon consideration of Plaintiff Cortana Global LLC's Motion to Modify Existing Temporary Restraining Order filed by Plaintiff on November 26, 2025 (the "Motion") and for good cause shown, it is on this _____ day of November, 2025, hereby:

**ORDERED** the Motion is **GRANTED;** and further

**ORDERED** that Defendants Private Markets Capital LLC and Esbe Jalloh a/k/ Solomon Jalloh be excluded from the Amended Temporary Restraining Order entered on October 16, 2025; and further

**ORDERED** that the following three (3) wallets be excluded from the Amended Temporary Restraining Order entered on October 16, 2025:

(1) 0x278e1d17c8a43309b010cadaaa4f6487e3212dde (Binance);

(2) 0x8ff7992ece4f95b7130438870185f5c04f13270e (CoinEx); and

(3) 0x021DE99F7BE63b5129CFE7d11c73DE43137fE994 (Private Wallet); and further

**ORDERED** that the Amended Temporary Restraining Order Appendix A be replaced with and superseded by Appendix A1 to this Order.

Date:                                                              _____

                                                                           Royce C. Lamberth
                                                                           United States District Judge

7

4891-3887-8170.1

Docusign Envelope ID: 928F4B9D-0BE1-4CD3-BC81-8D165B333123

## Appendix A1

| Deposit Address | Exchange |
|---|---|
| 0x6db54f51cf2b0351506a69b4d1ce4b8327e7c412 | Binance |
| 0x56e4752ba43feafbabfc154884f68a63b50b3f45 | Binance |
| f57500a8955874ac7c1c7983fd5bc28cd1cfd542e6211f4f45f5c5d6c0dbb7c3 | Binance |
| 0x260a1cfa8d1e50063fd3c7875b4c1963df9c3905 | Coinbase |
| 0xf7904ca8192cffe4c2a27204ca23e140c3fc8b4c | Coinbase |
| 0x6a88ece679b8380149b0c983eadb35cfd8a0ec18 | HTX |
| 0xa02b3dab09dda91b0eb67efa15d643657ed37acc | HTX |
| 0xd96a8df2078fb5a18154393a0a8b2b1f5c1e6d6b | HTX |
| bc1q4wu5e575gav9ajpx8gfuprzy29h4096hqp6v6d | Revolut |
| 0x5a0b9f881b766f06ad5f28f2de1c03ca2210be71 | HitBTC |
| 0xa01b72b6612f2c40339032ab315bfaad02436bc2 | Private Wallet |

## Attachment B

| Description | Address |
|---|---|
| ███████████ | ███████████████████████ |
| ███████████ | ███████████████████████ |