UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORTANA GLOBAL LLC )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>DIVERSE GROWTH PARTNERS, PRIVATE )<br>MARKETS CAPITAL LLC, DE'LYON )<br>LOWE, ESBE JALLOH a/k/a Solomon Jalloh )<br>)<br>*Defendants*. ) | Case No.: 1:25-cv-3612-RCL |

### CORTANA GLOBAL LLC'S MOTION FOR POST-JUDGMENT DISCOVERY

Pursuant to Federal Rule of Civil Procedure 69(a)(2) and D.C. Superior Court Rule of Civil Procedure 69-I(b), Plaintiff Cortana Global LLC ("Cortana"), by and through the undersigned counsel, respectfully files this Motion for Post-Judgment Discovery (the "Motion") and moves this Court for an order requiring the judgment debtor, Defendant Esbe Jalloh a/k/a Solomon Jalloh ("Defendant Jalloh"), to appear in court for oral examination concerning Jalloh's property and ability to satisfy the judgment, and respectfully shows the Court as follows:

1. On November 28, 2025, Cortana and Defendants Private Markets Capital ("PMC") and Defendant Jalloh (collectively, the "Parties") executed a Confidential Settlement Agreement and Release (the "Settlement Agreement") (ECF No. 52-1). The Parties executed an Amended Confidential Settlement Agreement and Release (the "Amended Settlement Agreement") (ECF No. 52-2) on January 6, 2026.

2. Under the Amended Settlement Agreement, Defendants PMC and Jalloh owe Cortana a total amount of $8,123,093.05. Defendants PMC and Jalloh agreed to "begin to initiate

the transfer" of funds within one (1) business day following the execution of the Amended Settlement Agreement.

3. As of January 14, 2026, Defendants PMC and Jalloh had not paid Cortana any funds pursuant to the Amended Settlement Agreement, so Cortana filed a Motion to Enforce Amended Settlement Agreement (ECF No. 46, 52).

4. This Court granted Cortana's Motion to Enforce Settlement Agreement on January 23, 2026 (ECF No. 51). The Court's Order specifically stated that "pursuant to Fed. R. Civ. P. 69, Cortana . . . is entitled to obtain discovery in aid of the judgment or execution in accordance with the rules and procedures of the District of Columbia."

5. On January 28, 2026, the Clerk of the Court mailed Defendant Jalloh the Court's Order Granting Plaintiff's Motion to Enforce Settlement Agreement. On the same day, Cortana served Defendant Jalloh with the Order by email. Defendant Jalloh responded on January 29, 2026, confirming receipt and expressing his intention to explore all means of payment.

6. As of the date of this Motion, the Order to enforce the settlement agreement remains unsatisfied in whole. The unpaid balance of the Amended Settlement Agreement, exclusive of accruing interest and costs of collection, is $8,123,093.05.

7. Federal Rule of Civil Procedure 69(a)(1) provides that the procedure on execution of a money judgment "must accord with the procedure of the state where the court is located."

8. Federal Rule of Civil Procedure 69(a)(2) further provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."

9. D.C. Superior Court Rule of Civil Procedure 69-I(b) provides that, upon request of a judgment creditor, the Court may order the judgment debtor to appear before a judge "and submit to oral examination respecting execution of any judgment rendered."

10. Cortana, the judgment creditor, seeks to conduct an oral examination of Defendant Jalloh, the judgment debtor, in open court, under oath, concerning Defendant Jalloh's income, assets, liabilities, and any other matters relevant to locating assets and property that may be applied toward satisfaction of the money judgment.

11. Cortana has been unable to obtain definitive information regarding the current state of Defendant Jalloh's cryptocurrency or other assets, and such an examination is necessary and appropriate to aid in execution of the judgment.

12. An order requiring Defendant Jalloh to appear for oral examination is authorized by FRCP 69(a)(2) and Local Civil Rule 69-I(a), and will not prejudice Defendant Jalloh, who will have notice and an opportunity to be heard.

13. Cortana requests that the Court order Defendant Jalloh to appear personally before this Court on a date and at a time convenient to the Court, to submit to examination under oath, and to bring with him the documents reasonably necessary to conduct a meaningful examination, including but not limited to:

   a. Defendant Jalloh's recent federal and state income tax returns (for the last three (3) years);

   b. Defendant Jalloh's recent bank and other financial account statements (for the last six (6) months);

   c. Account and wallet information and balance associated with any cryptocurrency accounts owned or controlled by Defendant Jalloh;

    d. Documents evidencing ownership of any real property, vehicles, or other significant assets by Defendant Jalloh; and

    e. Documents relating to any business interests, employment, or other sources of income of Defendant Jalloh.

14. Cortana further requests that the Court's order provide that Defendant Jalloh pay Cortana's attorneys' fees expended in relation to this Rule 69(a)(2) motion and associated proceedings.

WHEREFORE, Cortana respectfully requests that the Court enter the proposed Order filed contemporaneously with this Motion.

Dated: February 5, 2026

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: */s/ Olivia S. Singelmann*
          Counsel

Olivia S. Singelmann (D.C. Bar No. 1016299)
Telephone: (202) 295-4146
Jack Korba (D.C. Bar No. 1010303)
Telephone: (202) 295-4110
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC 20007

*Attorneys for Plaintiff Cortana Global LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2026, a true and correct copy of the foregoing document was served via email on Defendants PMC and Jalloh, and on all counsel of record via CM/ECF.

By: */s/ Olivia S. Singelmann*
Counsel for Plaintiff