## UNITED STATES DISTRICT COURT .
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

**CORTANA GLOBAL LLC**
*Plaintiff,*




**v.**


**PRIVATE MARKETS CAPITAL,**
**ESBE JALLOH a/k/a Solomon Jalloh.**
*Defendant*

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

**Case Number :1:25-cv-3612-RCL**

</td></tr>
</table>

## DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5) AND MOTION TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. P. 45(d)(3)

Defendant, SOLOMON "ESBE" JALLOH ("Defendant"), pro se, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(5) and 45(d)(3) to dismiss the complaint for insufficient service of process or, in the alternative, to quash the improperly served subpoena for a post-judgment deposition. In support thereof, Defendant states as follows:

**ARGUMENT**

**I. SERVICE OF PROCESS VIA A HACKED AND INACTIVE EMAIL ADDRESS IS LEGALLY INSUFFICIENT UNDER FEDERAL LAW, REQUIRING DISMISSAL.**

The Plaintiff's attempted service fails to satisfy the requirements of Fed. R. Civ. P. 4, the Due Process Clause, and the Federal Rules of Evidence concerning certified records.

**A. Service by Email to a Known-Inactive Address Violates Due Process and Fed. R. Civ. P. 4.**

RECEIVEI
Mailroom

MAR 1 0 2026

Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

- 1 -

The Plaintiff's "Record of Service" certifies delivery to an email address that was, at the time of service, inactive and inaccessible due to a prior security compromise. This method is not authorized by rule and is constitutionally infirm.

Constitutional Defect: The **Due Process Clause of the Fifth Amendment requires that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Service to a defunct digital channel is not reasonably calculated to provide notice.

Violation of Fed. R. Civ. P. 4*: Rule 4(e) governs service on an individual within a judicial district of the United States. Permissible methods do not include email unless specifically authorized by a court order or by federal statute, neither of which is present here. See *Fed. R. Civ. P. 4(e)(1), (2).

**B. The Plaintiff's Certification of Service is Facially Invalid Under Fed. R. Civ. P. 4(l) and Constitutes an Unverified Hearsay Document.**

The Plaintiff's "proof of service" is defective on two grounds:

Rule 4(l) Defect: Rule 4(l)(1) requires proof of service to "state the means by which it was accomplished." A certification stating service was made by a means not permitted by Rule 4 is legally insufficient on its face.

Evidentiary Defect: For the certification to be admissible as a self-authenticating foreign document under Fed. R. Evid. 902(11) or 902(12), it must meet specific requirements, including a final certification from the issuing authority. A bare, unverified certificate asserting improper service likely fails this standard and is inadmissible hearsay.

**C. Federal and D.C. Circuit Precedent Mandates Dismissal for Non-Compliance with Rule 4.**

Mann v. Castiel, 681 F.3d 368 (D.C. Cir. 2012): The D.C. Circuit affirmed that "service of process must comply with the 'means authorized by [Rule 4],'" and failure to do so is grounds for dismissal under Rule 12(b)(5), even if a defendant later acquires actual notice.

Henderson v. United States, 2015 U.S. Dist. LEXIS 131208 (D.D.C. 2015): This District Court dismissed a complaint where the plaintiff attempted service via email without court **order,** holding it did not comply with Rule 4 and emphasizing that "actual notice does not cure defective service."

*Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)*: The Supreme Court held that "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." This is a "fundamental" precondition.

## II. THE POST-JUDGMENT SUBPOENA IS VOID AND MUST BE QUASHED AS IT STEMS FROM A JURISDICTIONAL NULLITY.

A post-judgment subpoena under Fed. R. Civ. P. 69(a)(2) derives its force from a valid judgment. Where the court lacks personal jurisdiction due to defective service, the underlying action is a nullity as to this Defendant, and any discovery issued therefrom is invalid.
Lack of Foundation**: Rule 45(a)(1)(A)(iii) requires a subpoena to issue from the court where the action is "pending." An action not properly commenced via valid service is not pending against this Defendant for jurisdictional purposes.

## III. ALTERNATIVE GROUNDS FOR QUASHING THE SUBPOENA UNDER FED. R. CIV. P. 45(d)(3) ARE SATISFIED.

Independent of the jurisdictional defect, the subpoena itself was "served" via the same invalid, inactive email, providing separate and compelling grounds for the Court to quash it.
Rule 45(d)(3)(A)(i)**: The court must quash a subpoena that "fails to allow a reasonable time to comply." Service to a hacked, inactive email—a digital dead letter—per se fails to provide any time to comply, let alone a reasonable time.
Prejudice to Defendant: Defendant has been severely prejudiced, deprived of any opportunity to object under **Rule 45(d)(2)(B) or to seek a protective order under Rule 26(c).

## REQUEST FOR RELIEF

WHEREFORE, Defendant ESBE JALLOH respectfully requests that this Court:
GRANT the Motion to Dismiss the Complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); In the Alternative, GRANT the Motion to Quash the Subpoena for Post-Judgment Deposition pursuant to Fed. R. Civ. P. 45(d)(3);
ORDER the Plaintiff to effect proper service in strict compliance with Fed. R. Civ. P. 4 before proceeding further, should the Court in its discretion deny dismissal;
Award Defendant its reasonable attorneys' fees and costs incurred in bringing this motion; and
Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Solomon "Esbe" Jalloh, pro se, Defendant

891 Rockville Pike, Suite 122
Rockville, MD 20852

# CERTIFICATE OF SERVICE

I, SOLOMON "Esbe" JALLOH, hereby certify that on this 9TH day of March, a copy of the **Motion to Quash the Notice of Post-Judgment Deposition** was served upon Cortana Global, LLC at Plaintiff's counsel U.S. Postal Service.

**Clerk of the Court for the
UNITED STATES DISTRICT FOR
DISTRICT OF COLUMBIA**
333 Constitution Avenue, N.W.
Washington, DC 20001
Room 1225

**FOLEY & LARDNER**
3000 K Street NW, Suite 600
Washington, D.C. 20007-5101

**CORTANA GLOBAL LLC**
900 Biscayne Blvd., Apt. 3112
Miami, FL 33132

Solomon "Esbe" Jalloh, pro se

**UNITED STATES DISTRICT COURT .**
**FOR THE DISTRICT OF COLUMBIA**


**CORTANA GLOBAL LLC**


                                    **Case Number :1:25-cv-3612-RCL**


                    **v.**


**PRIVATE MARKETS CAPITAL,**
**ESBE JALLOH a/k/a Solomon Jalloh.**
                    *Defendant*                    |
_____|

**AFFIDAVIT**


I, Solomon "Esbe" Jalloh, attesting to the hacking incident of  the email's sbjalloh@pm.me and sbjalloh@privatemarketscapital.com inactivity at the precise time of alleged service on or before February 10, 2026, due to an ongoing security breach by hackers related to the original breach of the underlying case in question. The email has been isolated and quarantined from servers as it relates to web domain.


Respectfully,

Solomon "Esbe" Jalloh

3 - 9 - 2026

Solomon "Esbe" Jalloh
891 Rockville Pike, Suite 122
Rockville, MD 20852

The UPS Store RFID Label

Tracking #

1254X05Y030556  9709

CLERK OF THE COURT
U.S. DISTRICT COURT FOR
DISTRICT OF COLUMBIA
333 CONSTITUTION AVE. NW. Room 1225
WASHINGTON, D.C. 20001

SOLOMON ESBE JALLOH
(202) 754-6183
THE UPS STORE #6852
8911 ROCKVILLE PIKE
ROCKVILLE  MD 20852-1284

1 LBS        1 OF 1
SHP WT: 1 LBS
DATE: 09 MAR 2026

SHIP TO:
US DIS CT FOR DISTRICT OF COLUMBIA
CLERK OF THE COURT
ROOM 1225
333 CONSTITUTION AVE NW

WASHINGTON    DC 20001-2802



MD 201 9-83

UPS GROUND

TRACKING #: 1Z 54X 05Y 03 0556 9709



BILLING: P/P

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.
RAD R 0128

MMJZJNFZGHX7Q ISH 13.00C ZZP 450 07.5U 02/2026

